## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ABDURAKHMAN OROZALI UULU, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CIV-26-611-SLP |
| CHRIS GANTT, et al., | ) ) ) | |
| Respondents. | ) | |

## **O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 17] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 19], to which Petitioner responded, *see* [Doc. No. 20], and the matter is at issue. For the reasons that follow, the Court GRANTS, in part, the Petition.

Petitioner is a citizen of Kyrgyzstan. On or around February 28, 2023, he entered the United States, where Petitioner presented himself to immigration authorities at a United States designated port of entry near San Ysidro, California. Shortly thereafter, Petitioner was released on parole pursuant to 8 U.S.C. § 1182(d)(5).

Petitioner was detained by ICE on or around November 14, 2025. Petitioner was detained at Diamondback Correctional Facility in Watonga, Oklahoma at the time his Petitioner was filed. Petitioner has been continuously detained without bond since his arrest pursuant to the detention provisions set forth in 8 U.S.C. § 1225(b)(1).

On March 25, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution.  Petitioner claims that § 1225(b) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  Petitioner also alleges that ICE violated its own regulations when terminating his parole.  As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to immediately release Petitioner on the basis that Respondents did not comply with the applicable regulations prior to revocation of Petitioner's parole.

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(1) upon expiration of his parole.  The Court has previously "found that § 1225(b)(1) doesn't apply in circumstances where . . . the noncitizen has resided in the [United States] for several years before their parole under § 1182(d)(5) is revoked." *Drozdov v. Lyons*, No. CIV-26-265-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026); *see also Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *2 (W.D. Okla. June 9, 2026) (finding revocation of parole does not return petitioner to their prior status at border).  The Court's finding of the inapplicability of § 1225(b) to Petitioner's circumstances is consistent with decisions within this judicial district and across the country.  *See, e.g., Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026); *Khubiev v. Baltasar*, No. 25-cv-03955-STV, 2026 WL

864237, at **5-6 (D. Colo. Mar. 30, 2026); *Flores v. Leyva*, No. 4:26-cv-00060-DN-PK, 2026 WL 1830958, at **8-10 (D. Utah June 25, 2026); *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2026 WL 915304, at *6 (S.D.N.Y. April 3, 2026). The Court finds Respondents' position unpersuasive.[1]

Because Petitioner is treated similar to "any other applicant for admission to the United States," the Court finds Petitioner's detention is governed by §1226(a).[2]  *See Drozdov*, 2026 WL 1470929, at 3 (finding the same); *Singh*, 2026 WL 1661971, at *3 (same).  Accordingly, Petitioner is entitled to an individualized bond hearing.[3]

---

[1] Additionality, the Court finds that the Tenth Circuit authority cited by Respondents is distinguishable.  Respondents cite to *Sierra v. INS*, 258 F.3d 1213 (10th Cir. 2001) and *Suarez-Tejeda v. United States*, 85 F. App'x 711 (10th Cir. 2004) in support of their position.  However, both cases related to the withdrawal of parole of immigration detainees who had entered the country during the Mariel Cuban boat lift.  *See Sierra*, 258 F.3d at 1215-16; *Suarez-Tejeda*, 85 F. App'x at 712-13.  Neither case discusses § 1225(b)(1) nor stands for the proposition that individuals are subject to mandatory detention under § 1225(b)(1) upon termination of parole under § 1182(d)(5).  *See Zhakhonov,* 2026 WL 1865418 at *2, n. 2; *see also Flores*, 2026 WL 1830958 at *14 ("*Sierra* involved a continuously detained noncitizen in pre-IIRIRA exclusion proceedings, not a parolee who had been released and was later returned to custody under the current statutory scheme.").

[2] The Tenth Circuit recently held that 8 U.S.C. § 1225(b)(2) does not apply to "noncitizens who entered the United States and were thereafter detained in the interior of the country."  *Santillan Quiroz v. Mullin*, -- F.4th --, No. 26-6019, 2026 WL 1876709 at *5 (10th Cir. June 30, 2026) (mandate pending).  Pointedly, the Tenth Circuit did not reach the issue of whether such individuals arrested in the interior of the country could be subject to detention under § 1225(b)(1)(A).  *See id*. at *5, n. 6.  However, as discussed above, the Court has previously found in circumstances similar to Petitioner that an immigration detainee is not subject to mandatory detention under § 1225(b)(1), rather, that they are subject to the provisions of § 1226(a).

[3] Petitioner requested in his Petition his release or, in the alternative, a bond hearing.  *See* Pet. [Doc. No. 1] at 9.  Although the R&R recommends that the Petitioner be released, the Court finds that the proper remedy is a bond hearing.  *See, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 17] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period. [4]

IT IS FURTHER ORDERED that Petitioner's Motion for Temporary Restraining Order [Doc. No. 6] is DENIED as MOOT.

A separate judgment shall be entered.

IT IS SO ORDERED this 24th day of July, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.